IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL MOORE, #255389, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-cv-37-MHT |
| | ) | |
| JOHN PRYOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is pending before the court on a 42 U.S.C. § 1983 a complaint

filed by Samuel Moore ["Moore"], an indigent state inmate presently incarcerated at the

Easterling Correctional Facility ["Easterling"].  In the complaint, Moore alleges that the

defendants used excessive force against him on January 5, 2015.  On January 30, 2015,

Moore filed a motion for preliminary injunction in which he seeks injunctive relief requiring

the defendants and all other correctional officials to cease harassing him as retaliation for

filing this cause of action.  *Doc. No. 8* at 1.  Moore seeks injunctive relief in the form of a

transfer from Easterling and an order requiring that correctional officials, including the

defendants, be "restrained from coming around plaintiff while in the segregation unit."  *Id*.

at 2.

On February 2, 2015, the court entered an order directing the defendants to show

cause why Moore's motion for preliminary injunction should not be granted.  *Doc. No. 9*.

The defendants filed a response to this order, supported by relevant evidentiary materials, in which they assert that they have taken no actions against Moore in violation of his constitutional rights.  The defendants further maintain that they have not harassed or threatened Moore nor have they witnessed any such actions by other correctional officials. The defendants have likewise filed a special report, supported by relevant evidentiary materials, addressing Moore's claim for relief.

Upon review of the motion for preliminary injunction, the response and special report filed by the defendants, the court concludes that the plaintiff's motion for preliminary injunction is due to be denied.

## II.  STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court."  *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).  This court may grant a preliminary injunction only if Moore demonstrates each of the following prerequisites:  (1) a  substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest.  *Palmer*, 287 F.3d at 1329; *McDonald' s Corp. v. Robertson*, 147 F.3d 1301, 1306 ; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983).  "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not

to be granted unless the movant clearly established the "burden of persuasion'" as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.'" *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001) (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1284 (11th Cir. 1990)).

## III. DISCUSSION

In their response to the motion for preliminary injunction, the defendants deny that they have threatened or harassed Moore. *Exh. A to the Defendants' Response - Doc. No. 12-1*; *Exh. B to the Defendants' Response - Doc. No. 12-2*. The defendants also maintain that they have not witnessed other officers harass or threaten Moore. *Id*. In addition, the

3

defendants deny that they used excessive force against Moore and, instead, asset that they used only that force necessary to gain control of Moore after he refused to obey a direct order. *Exh. C to the Defendants' Response - Doc. No. 12-3*. Specifically, the defendants aver that during a search of Moore's segregation cell they confiscated various items of contraband, i.e., a radio, 3 books, a magazine and 2 biscuits, which caused Moore to become upset. *Id*. Moore walked away from his cell, disobeyed an order to return to his cell and advised the defendants that he would not go back to his cell. *Id*. Defendant Pryor then "grasped Moore by his right arm and began escorting him back to his cell. Inmate Moore snatched away, slipped and fell to the floor." *Id*. Moore was immediately escorted to the health care unit for a body chart and complained to the attending nurse of shoulder and back pain. *Exh. D to the Defendants' Response - Doc. No. 12-4* at 3. The nurse noted that Moore was not in any distress and did not indicate any injuries on the body chart. *Id*. She ordered x-rays to address Moore's complaints of pain and advised Moore to "return to HCU as necessary." *Id*. Moore, however, refused the x-rays. *Exh. G to the Defendants' Special Report - Doc. No. 15-4* at 7.

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Moore has failed to demonstrate a substantial likelihood of success on the merits of his claim. Moore likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the

defendants as issuance of the injunction would adversely impact the ability of correctional officials to effectively manage the security of Easterling. Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. Thus, Moore has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 19, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of March, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE