IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SAMUEL MOORE, #255389, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-CV-37-MHT |
| | ) | |
| JOHN PRYOR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Samuel Moore ("Moore"), an indigent state inmate, challenging the force used by officers

at the Easterling Correctional Facility in ensuring his compliance with an order to return to

his cell. *Complaint - Doc. No. 1* at 3.

Pursuant to the orders of this court, the defendants filed a written report supported by

relevant evidentiary materials, including affidavits and medical records, in which they

address the claims for relief presented by Moore. The report and evidentiary materials refute

the self-serving, conclusory allegations presented by Moore in the  complaint. The

defendants assert and the medical evidence indicates that officers used only that amount of

force necessary to gain control of Moore upon his refusal of an order to return to his cell.

The defendants therefore argue that they did not violate Moore's constitutional rights under

the circumstances present in this case.

In light of the foregoing, the court issued an order directing Moore to file a response

to the defendants' written report. *Order of March 3, 2015 - Doc. No. 18*. The order advised

Moore that his failure to respond to the report would be treated by the court "**as an**

**abandonment of the claims set forth in the complaint and as a failure to prosecute this**

**action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the**

**plaintiff] that [his failure] to file a response in compliance with the directives of this**

**order**" would result in the dismissal of this civil action. *Id*. The time allotted Moore for

filing a response in compliance with the directives of this order expired on April 14, 2015.

As of the present date, Moore has failed to file a requisite response in opposition to the

defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than

dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper

course of action at this time. Moore is an indigent individual. Thus, the imposition of

monetary or other punitive sanctions against him would be ineffectual. Additionally,

Moore's inaction in the face of the defendants' report and evidence suggests a loss of interest

in the continued prosecution of this case. Finally, the undisputed evidentiary materials

submitted by the defendants, including but not limited to the medical records, indicate that

no violation of the Constitution occurred. It therefore appears that any additional effort by

this court to secure his compliance would be unavailing. Consequently, the court concludes

that the plaintiff's abandonment of his claims and his failure to comply with an order of this

court warrant dismissal. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a

general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 13, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30,

1981).

Done this 29th day of April, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE